UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NICHOLAS S. AFFENDAKES,

    Plaintiff,

v.                                           Case No: 8:14-cv-361-T-36AEP

WING ENTERPRISES, INCORPORATED
and LITTLE GIANT LADDERS,

    Defendants.
_____/

## ORDER

This matter comes before the Court upon the Plaintiff's Motion for Voluntary Dismissal Without Prejudice (Doc. 23), and Defendants' response thereto (Doc. 24). The Court, having considered the motion and being fully advised in the premises, will grant Plaintiff's Motion for Voluntary Dismissal Without Prejudice.

**I.    Background**

Plaintiff Nicholas Affendakes ("Affendakes") filed this action in state court in or about January of 2014. *See* Doc. 2. In his Complaint, Affendakes asserted four claims against Defendants Wing Enterprises, Inc. and Little Giant Ladders. *Id*. On February 11, 2014, Defendants removed the action to this Court alleging subject matter jurisdiction pursuant to 28 U.S.C. § 1332. Doc. 1 at p. 1. Defendants answered the Complaint and asserted affirmative defenses on February 18, 2014. Doc. 5.

Pursuant to this Court's Local Rules and the Federal Rules of Civil Procedure, the parties held a case management conference and filed a Case Management Report ("CMR") on March 21, 2014 and an Amended CMR on March 28, 2014. *See* Docs. 7 and 8. The Court issued its Case

Management and Scheduling Order ("CMSO") on April 8, 2014 which, among other things, set the deadline for filing motions to amend pleadings or join parties as June 6, 2014. *See* Doc. 10.

On July 3, 2014, Attorney James Lawrence Magazine entered an appearance on behalf of Affendakes. Doc. 15. Since then, Attorney Manual N. Lindiakos, Plaintiff's original counsel, has filed two motions seeking to withdraw as counsel for Affendakes. *See* Docs. 19 and 21. Both motions have been denied without prejudice for failure to comply with the Local Rules. *See* Docs. 20 and 22. Accordingly, at this time, Plaintiff is represented in this action by two attorneys – Magazine and Lindiakos.

On November 12, 2014, Magazine, on behalf of Affendakes, filed a motion for voluntary dismissal of the action without prejudice ("the Motion"). In the Motion, Plaintiff states that the complaint needs to be amended to join a new party and plead additional claims. Additionally, Plaintiff alleges that Lindiakos failed to timely retain an expert witness to examine the allegedly defective ladder that is at the heart of this litigation. According to the Motion, Magazine has now retained an expert but that the expert needs additional time to render his opinions. Per the CMSO, Plaintiff's expert disclosure deadline was November 21, 2014. Given these issues, Plaintiff argues that he will be severely prejudiced if he is not permitted to voluntarily dismiss this action without prejudice. Defendants argue that dismissal without prejudice at this "late stage" in the litigation will be prejudicial to them.

**II.     Discussion**

Voluntary dismissal is controlled by Federal Rule of Civil Procedure ("Rule") 41(a) which provides:

> (a) Voluntary Dismissal.
>
>   (1) By the Plaintiff.

> (A) Without a Court Order. Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:
>
> (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or
>
> (ii) a stipulation of dismissal signed by all parties who have appeared.
>
> (B) Effect. Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.
>
> (2) By Court Order; Effect. Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Fed. R. Civ. P. 41(a) (2014).

Because Defendants have already filed an answer and do not consent to the dismissal, Plaintiff is seeking a court order pursuant to Rule 41(a)(2). Plaintiff's request must be granted unless Defendants will suffer clear legal prejudice, other than the mere prospect of a subsequent lawsuit. *Pontenberg v. Boston Scientific Corp.,* 252 F.3d 1253, 1255 (11th Cir. 2001). The crucial question to be determined is: "Would the defendant lose any substantial right by the dismissal?" *Id.* Here, there is no evidence that clear legal prejudice would befall the Defendants if the motion is granted. Defendants' only argument regarding prejudice is that "it has expended time, expense and effort in removing this case and in complying with the Federal Rules of Civil Procedure for discovery and voluntary disclosures." Doc. 24 at p. 4. However, the law is clear in this circuit that,

to warrant a denial of a motion for voluntary dismissal without prejudice the defendant must establish that it will suffer prejudice beyond just having to potentially re-litigate the case.

Defendants' primary argument is that the Motion should be denied because Plaintiff has not presented a good enough reason to justify the need for dismissal. The Court agrees that Plaintiff's own lack of diligence is the reason that the dismissal is being requested. However, Plaintiff's lack of diligence is not cause for denial of the motion absent some showing of legal prejudice to the Defendants. *See Pontenberg,* 252 F.3d at 1259; *McCants v. Ford Motor Co., Inc.,* 781 F.2d 855, 858 (11th Cir. 1986); *Moldovan v. Remington Arms Co.,* 113 F.R.D. 141 (S.D. Fla. 1986). Accordingly, the Court will grant the voluntary dismissal without prejudice. It is

**ORDERED AND ADJUDGED** that

1. Plaintiff's Motion for Voluntary Dismissal Without Prejudice (Doc. 23) is **GRANTED.**

2. This action is DISMISSED without prejudice.

3. The Clerk is directed to terminate all pending motions and close the file.

**DONE AND ORDERED** in Tampa, Florida on December 30, 2014.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any

4